UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGUEL ANTONIO GALLEGO SOTO,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ et al.,<br>Respondents. | CASE NO. 2:26-cv-02557-LK<br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Lauren King, United States District Judge:

Petitioner Miguel Antonio Gallego Soto's petition for a writ of habeas corpus alleges that his bond hearing did not comport with due process because the Immigration Judge ("IJ") did not engage with any of the evidence he produced in support of his request for release on bond before denying bond. Dkt. No. 1 at 2, 6. Habeas petitions must be verified "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The Local Rules of this district permit another person to verify a habeas petition on behalf of someone in custody so long as that person "set[s] forth therein the reason why it is not made and verified by the party in custody, and shall state he or she knows the facts set forth therein, or if upon information and belief, the sources of his or her information shall be stated." LCR 100(e); *Padilla Paz v. Hernandez*, 833 F. Supp. 3d

1180, 1186 (W.D. Wash. 2026). Here, Petitioner provides no verification of his petition by himself or by any other person.[1]

Respondents' return is similarly deficient. They produced a sworn declaration from a deportation officer asserting that at the July 10, 2026 bond hearing, "the IJ considered, among other evidence, Petitioner's Record of Deportable/Inadmissible Alien," Form I-213, "which listed Petitioner's immigration and criminal history, and testimony that Petitioner was working without authorization using another's social security number." Dkt. No. 8 at 2; *see also* Dkt. No. 7 at 3. As far as the Court can discern, however, the only record from the July 10, 2026 bond hearing provided by Respondents is the check-box decision form completed after the hearing, Dkt. No 9-6, which contains no indicia of the IJ's rationale or the evidence presented at the hearing. Furthermore, it is entirely unclear how Respondents' declarant has personal knowledge of the testimony at the hearing or what the IJ considered when he does not aver that he was present at the hearing or otherwise had a means to ascertain the IJ's rationale. *See generally* Dkt. No. 8. It is also unclear to the Court why, if such "records," Dkt. No. 8 at 1, were somehow available to this declarant, those records were not provided to the Court. Indeed, Respondents assert that "[t]here is no indication that this bond hearing was recorded." Dkt. No. 7 at 3.

These deficiencies warrant a redo.

Petitioner is hereby ordered to produce, on or before September 30, 2026, an amended petition that complies with 28 U.S.C. § 2242 and this district's Local Rules. *See* LCR 100(e). Any changes in the amended petition must be redlined.

Respondents shall file a return by October 7, 2026, and must produce any transcript or contemporaneous recording of the bond hearing, as well as all records submitted in connection

[1] Petitioner's counsel submitted an affidavit from an attorney working at the same law office, *see* Dkt. No. 1-6, but that affidavit is not a verification of the petition, nor does it authenticate any of the exhibits supporting the petition, which are not formatted as required by Local Civil Rule 10(e)(10). *See* Fed. R. Evid. 901; LCR 10(e)(10).

with the bond hearing and the Immigration Judge's written decision (if any). Respondents must properly authenticate these records. Going forward, the Court expects Respondents to provide this information in all returns to habeas petitions of this nature.

Petitioner may file a traverse by October 13, 2026.

Dated this 23rd day of September 2026.

Joshua C. Lewis
Clerk
*/s/Natalie Wood*
Deputy Clerk