UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGUEL ANTONIO GALLEGO SOTO, Petitioner, v. JULIO HERNANDEZ et al., Respondents. | CASE NO. 2:26-cv-02557-LK<br>ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on Petitioner Miguel Antonia Gallego Soto's motion to seal three exhibits filed in support of his petition for a writ of habeas corpus. Dkt. No. 2.[1]

**A. Legal Standard**

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a district court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (citation modified). This presumption, however, "is not absolute

[1] In the motion to seal, Gallego Soto refers to the documents as Exhibits A, B, and C. *Id.* However, these documents have no exhibit labels, in violation of Local Civil Rules 5(g)(4) and 10(e)(10). Dkt. Nos. 1-2–1-4.

and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

The standard for determining whether to seal a record depends on the filing with which the sealed record is associated and whether such filing is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016). If the filing at issue is more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* If the filing is only tangentially related to the merits, the party seeking to seal the records need only show "good cause." *See id.*

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Local Civil Rule 5(g). Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient[.]" LCR 5(g)(3)(B).

**B. Gallego Soto Has Justified Sealing Three Exhibits Attached to his Petition**

Here, because the exhibits are relevant to the claims in the Petition, they are "more than tangentially related to the merits of the case." *Ctr. For Auto Safety*, 809 F.3d at 1098–99, 1102. Having closely reviewed the documents, the Court finds that there are compelling reasons to keep the materials in docket entries 1-2, 1-3, and 1-4 under seal. They contain private, sensitive information that was filed in Immigration Court about Gallego Soto, the writers of his letters of support, his criminal history, and non-public immigration information. *See Juarez v. Leyva*, No. 2:26-CV-01268-MMD-DJA, 2026 WL 1329919, at *1 (D. Nev. May 13, 2026) (granting motion to seal concerning documents detailing the petitioner's criminal history); *Doe v. Andrews*, No.

1:25-CV-00755-CDB, 2025 WL 2581551, at *3–4 (E.D. Cal. Aug. 18, 2025) (granting motion to seal exhibits relating to immigration records and proceedings); *Mohomed v. Larose*, No. 26-CV-3426 JLS (GC), 2026 WL 2352782, at *2 (S.D. Cal. Aug. 13, 2026) (granting motion to seal immigration records with personal identifying information). These records are already subject to seal in Immigration Court. Dkt. No. 2 at 2.

Accordingly, the Court GRANTS the motion to seal, Dkt. No. 2, and Docket Numbers 1-2, 1-3, and 1-4 may remain under seal.

Dated this 28th day of September, 2026.

Lauren King
United States District Judge